IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| JERRY SIMS, | ) |
| | ) |
| PLAINTIFF, | ) |
| vs. | ) |
| | )   CV-09-J-1545-NE |
| JAMES LEONARD; CITY OF HUNTSVILLE, ALABAMA, | ) |
| | ) |
| DEFENDANTS. | ) |

## COMPLAINT

### I. INTRODUCTION

1. This is a civil rights action brought by the above-named Plaintiff who submits that Officer James Leonard, while acting under color of law, intentionally deprived the Plaintiff's rights under the Constitution of the United States.

### II. JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §1983.

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 (federal question) and 28 U.S.C. §1343 (civil rights).

4. Plaintiff also seeks to bring pendent claims pursuant to 28 U.S.C. §1367 and this Court's judicial powers.

### III. VENUE

5. The Northern District of Alabama is an appropriate venue for this action under 28 U.S.C. §1391(b)(1) because the Defendants reside in this district.

6. The Northern District of Alabama is also an appropriate venue under 28 U.S.C. §1391(b)(2) because "a substantial part of the events or omissions giving rise to the claim[s] occurred" in this district.

## IV. PARTIES

7. Plaintiff Jerry Sims is a resident in the Northern District of Alabama and a citizen of the United States.

8. Defendant James Leonard is an officer with the Huntsville Police Department.

9. Defendant Leonard is sued in his individual capacity. At all times relevant to the events described herein, the actions and omissions of Leonard were taken under color of law.

10. Defendant City of Huntsville, Alabama, hereinafter called "City," is a municipal corporation existing under and by virtue of the laws of the State of Alabama.

11. Defendant City is sued on the theory of *respondeat superior* for the state cause of action in Count III.

## V. FACTUAL ALLEGATIONS

12. On August 10, 2007, Jerry Sims drove to the Double D Lounge in Huntsville, Alabama.

13. Mr. Sims requires a prosthetic leg to walk.

14. Officer James Leonard arrested Mr. Sims for public intoxication.

15. Mr. Sims denies that he was guilty of public intoxication.

16. Officer Leonard began forcibly removing Mr. Sims from the bar into the parking area surrounding the bar.

17. Mr. Sims stated that this was a violation of his civil rights.

18. In response to this, Officer Leonard only pushed Mr. Sims more violently.

19. Losing his balance, Mr. Sims pleaded with Officer Leonard to take it easy because he had a prosthetic leg.

20. Officer Leonard shoved Mr. Sims to the ground and began reading him his Miranda rights.

21. Officer Leonard began to kick Mr. Sims in the prosthetic leg as he continued reading the Miranda rights.

22. Begging for mercy from this assault and battery, Mr. Sims pleaded with Officer Leonard to stop kicking his prosthesis.

23. Officer Leonard continued to kick Mr. Sims' prosthesis so violently that Officer Leonard shattered Mr. Sims' femur, leaving Mr. Sims in extraordinary pain and unable to walk.

24. Mr. Sims began to beg for an ambulance and medical attention, trying to convince the officers that Officer Leonard had broken Sims' left leg by kicking his prosthesis.

25. The officers then ordered Mr. Sims to stand up.

26. Mr. Sims physically could not comply with this order due to his broken leg.

27. The officers picked Mr. Sims up, threw him into the back seat of their squad car, and further bent his leg in, forcing the door to shut.

28. At the time of the incident, the City had in effect a formal written policy that prohibited the use of excessive force by its police officers.

29. The use of force policy provided that its police officers "will use only the degree of force necessary to accomplish lawful objectives. Nothing in this directive will

constitute justification for reckless or criminally negligent behavior amounting to an offense against persons."

30. The use of force policy provides the following definitions:

   A. FORCE. Any degree of physical coercion or threat therof.
   B. DEADLY FORCE: That force which is intended to cause death or serious physical injury or which creates some specified degree of risk that a reasonable and prudent person consider likely to cause death or serious physical injury.
   C. REASONABLE BELIEF: The facts or circumstances the Officer knows or reasonably should know, which would likely cause an ordinary and prudent person to act or think in a similar way under similar circumstances.
   D. SERIOUS PHYSICAL INJURY: A bodily injury that creates a substantial risk of death; causes serious, permanent disfigurement; or results in the long-term loss or impairment of the functioning of any bodily member or organ.
   E. INJURY: Any manifestation or COMPLAINT of physical damage to a person which requires medical attention, even though the injured party may have refused such attention.
   F. LAWFUL OBJECTIVES: Those objectives which are accomplished within the constraints of law, with respect to civil rights, departmental policies and an Officer's primary responsibility to value the protection of human life above all other things.

31. The use of force policy provides that force may be used as reasonably necessary to lawfully:

   1. Defend oneself or others, 2. Overcome resistance or enforce compliance, or 3. Prevent escape. B. Force should not be used until the Officer reasonably believes that verbal commands will or have failed.
   C. Officers will exert only the degree of force necessary to effect the arrest or compliance with lawful orders; more will be considered excessive force.

32. Mr. Sims was not legally intoxicated.

33. Mr. Sims did not resist arrest.

34. Mr. Sims did not attempt to escape.

35. Officer James Leonard repeatedly used excessive and unnecessary force on Mr. Sims.

36. Officer Leonard's kicking and breaking Mr. Sims' leg caused Mr. Sims extraordinary pain and anguish.

37. Due to Officer Leonard kicking Jerry Sims' leg, Mr. Sims underwent an open reduction surgery for an internal fixation of a severe left distal femur facture.

38. Jerry Sims eventually wound up with a left below knee amputation.

39. Jerry Sims continues to have considerable problems with this, with pain and difficulties wearing his prosthesis.

40. The kicking of Mr. Sims' leg and prosthesis resulted in permanent injury.

41. Officer Leonard used deadly force against Mr. Sims by intentionally causing Mr. Sims a serious physical injury or that created some specified degree of risk that a reasonable and prudent person would consider likely to cause a serious physical injury.

42. There was no need for Officer Leonard to exert any degree of force to effect the arrest.

43. There was no need for Officer Leonard to exert any degree of force to effect compliance with Leonard's orders.

44. Leonard violated the City's policies and procedures concerning the use of force.

45. Leonard violated clearly established federal law concerning the use of force.

46. Leonard violated clearly established Alabama law concerning the use of force.

47. Officer Leonard used excessive force against Mr. Sims by violently kicking Mr. Sims' left leg and prosthesis, resulting in the long-term loss or impairment of the functioning of Mr. Sims' left leg.

48. Leonard did negligently, recklessly, maliciously, willfully and/or wantonly assault and batter Mr. Sims.

49. Leonard acted willfully, maliciously, illegally, fraudulently, in bad faith, beyond his authority, or under a mistaken interpretation of the law.

## VI. CAUSES OF ACTION

50. Plaintiff refers to and hereby incorporates paragraphs 1 - 49 to support the following claims:

### COUNT I (Civil Rights – Illegal Arrest and excessive force by the defendant James Leonard)

51. The Defendant James Leonard is liable under 42 U.S.C. §1983 for his actions heretofore set out by depriving the Plaintiff of the rights, privileges, and immunities secured to him by the Fourth Amendment to the United States Constitution.

52. Under the Fourth Amendment to the Constitution of the United States, every citizen has the right not to be seized or arrested without probable cause.

53. Under the Fourth Amendment to the Constitution of the United States, every citizen has the right not to be subjected to excessive or unreasonable force during an arrest.

54. Under the Fourth Amendment to the Constitution of the United States, any force used to make an arrest that lacks probable cause is excessive.

55. The Defendant James Leonard intentionally seized or arrested Jerry Sims without probable cause concerning the public intoxication charge.

56. James Leonard then intentionally used excessive force by kicking Mr. Sims' left leg and prosthesis, causing Mr. Sims substantial physical pain and mental anguish.

57. Due to Officer Leonard kicking Jerry Sims' leg and prosthesis, Mr. Sims underwent an open reduction surgery for an internal fixation of a severe left distal femur facture.

58. Jerry Sims eventually wound up with a left below knee amputation.

59. Jerry Sims continues to have considerable problems with this, with pain and difficulties wearing his prosthesis.

60. The kicking of Mr. Sims' leg and prosthesis resulted in permanent injury.

61. Hence, Leonard caused Mr. Sims to sustain a serious physical injury as defined by the City's policy on the use of force.

62. Moreover, Leonard used deadly force, as defined by the City's policy on the use of force, against Mr. Sims by causing Mr. Sims to sustain the serious physical injury.

63. In so doing, the defendant James Leonard acted under color of law.

64. In so doing, the defendant James Leonard intentionally violated Jerry Sims' rights under the Constitution of the United States.

65. In so doing, the defendant James Leonard acted maliciously or with reckless indifference to Jerry Sims' rights under the Constitution of the United States.

66. As a direct and proximate result of Leonard's actions, Jerry Sims suffered great physical pain, extreme emotional distress and mental anguish, the loss of his freedom, and the violation of his civil rights; and he incurred medical bills - past and future – and incurred bail costs and legal expenses.

On the basis of the foregoing, the Plaintiff respectfully demands the following relief:

a. Compensatory damages as allowed by law against the defendant James Leonard, plus interest and costs;

b.      Punitive damages as allowed by law against Leonard, plus interest and costs;

c.      Attorneys fees and expenses from Leonard, pursuant to 42 U.S.C. §1988 and 42 U.S.C. §1983;

d.      Order such other and further relief as the Court may deem just and proper.

### COUNT II (Civil Rights – Excessive force by the defendant James Leonard)

67.     The Defendant James Leonard is liable under 42 U.S.C. §1983 for his actions heretofore set out by depriving the Plaintiff of the rights, privileges, and immunities secured to him by the Fourth Amendment to the United States Constitution.

68.     Under the Fourth Amendment to the Constitution of the United States, every citizen has the right not to be subjected to excessive or unreasonable force during a lawful arrest.

69.     In the alternative, under the facts of this case, the defendant James Leonard had probable cause to arrest Jerry Sims, but the defendant used more force than was objectively reasonable under the circumstances.

70.     The public intoxication offense was a minor offense.

71.     Mr. Sims did not resist arrest.

72.     Mr. Sims did not attempt to escape.

73.     Mr. Sims posed no immediate violent threat to others.

74.     James Leonard then intentionally used excessive force by kicking Mr. Sims' left leg and prosthesis, causing Mr. Sims substantial physical pain and mental anguish.

75.     Due to Officer Leonard kicking Jerry Sims' leg and prosthesis, Mr. Sims underwent an open reduction surgery for an internal fixation of a severe left distal femur facture.

76. Jerry Sims eventually wound up with a left below knee amputation.

77. Jerry Sims continues to have considerable problems with this, with pain and difficulties wearing his prosthesis.

78. The kicking of Mr. Sims' leg and prosthesis resulted in permanent injury.

79. Hence, Leonard caused Mr. Sims to sustain a serious physical injury as defined by the City's policy on the use of force.

80. Moreover, Leonard used deadly force, as defined by the City's policy on the use of force, against Mr. Sims by causing Mr. Sims to sustain the serious physical injury.

81. In so doing, the defendant James Leonard acted under color of law.

82. In so doing, the defendant James Leonard intentionally violated Jerry Sims' rights under the Constitution of the United States.

83. In so doing, the defendant James Leonard acted maliciously or with reckless indifference to Jerry Sims' rights under the Constitution of the United States.

84. As a direct and proximate result of Leonard's actions, Jerry Sims suffered great physical pain, extreme emotional distress and mental anguish, and the violation of his civil rights; and he incurred medical bills - past and future.

On the basis of the foregoing, the Plaintiff respectfully demands the following relief:

a. Compensatory damages as allowed by law against the defendant James Leonard, plus interest and costs;

b. Punitive damages as allowed by law against Leonard, plus interest and costs;

c. Attorneys fees and expenses from Leonard, pursuant to 42 U.S.C. §1988 and 42 U.S.C. §1983;

d. Order such other and further relief as the Court may deem just and proper.

## COUNT III ( ASSAULT AND BATTERY)

85. On August 19, 2006, the Defendant Leonard negligently, carelessly, unskillfully, recklessly, wantonly, and/or willfully committed assault and battery to Plaintiff.

86. As a direct and proximate result of Leonard's actions, Jerry Sims suffered great physical pain, extreme emotional distress and mental anguish, and incurred medical bills, past and future.

87. The City of Huntsville is liable under respondeat superior to the extent that this count is predicated on negligent conduct by Leonard.

On the basis of the foregoing, the Plaintiff respectfully demands the following relief:

a. Compensatory damages as allowed by law against the defendants James Leonard and City of Huntsville, Alabama, plus interest and costs;

b. Punitive damages as allowed by law against Leonard, plus interest and costs.

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY!**

7-30-09
Date

RESPECTFULLY SUBMITTED,

Stephen A. Strickland
E-mail: sstrickland@rjaffelaw.com

OF COUNSEL:

Jaffe, Strickland, Drennan & Dodd, P.C.
2320 Arlington Avenue South
Birmingham, AL 35205
(205) 930-9800